CATE *vs.* THAYER.

The line of the town of *Dresden* being described, in the act of incorporation, as running a north-north-east course, *including the whole of a certain farm,* when in truth *that* course would *not* include the whole farm ;—it was resolved that the line of the farm should prevail, as being the more certain monument, and more evidently intended by the legislature.

This was a writ of entry for possession of certain lands described as lying within the town of *Alna.* The tenant claimed the premises under a sale by the collector of the town of *Alna,* for non-payment of taxes ; and the demandant claimed them as lying within the town of *Dresden,* and being part of the estate of the late *Dr. Gardiner.*

In a case stated by the parties, it was agreed that the premises were part of the land formerly belonging to the estate of *Dr. Gardiner* ;—and that by the act incorporating the town of *Dresden,* the line of that town was described as " beginning on the " easterly side of *Kennebec* river, on the line that divides the town " of *Pownalborough* from the town of *Woolwich* ; from thence " running upon the said line three miles ; from thence upon a " straight line to the middle of the great bridge on the county " road leading from *Sheepscut* river to *Kennebec* river, erected " over *Dr. Gardiner's* mill-brook, so called ; *from thence on a* " *north-north-east course* to the northern line of said town, *including* " *the whole of the farm or land there belonging to the estate of the said* " *Dr. Gardiner* ; from thence by the said northern line to *Kenne-* " *bec* river, thence down the said river to the first mentioned " bounds," &c. It was further agreed that a line running from said bridge *a due north-north-east course,* would leave the premises in the town of *Alna* ;—but that a line running from said bridge to the northerly line of said town *so as to include the whole of the land belonging to the estate of Dr. Gardiner at the time of the incorporation,* would leave the demanded premises in *Dresden.* These two parts of the description of the line in the act of incorporation being inconsistent with each other, the question was, which of them should prevail ? The line had never been agreed on between the towns, both of them claiming the land in dispute ; but

it was agreed that the estate of *Dr. Gardiner* was surveyed, and its limits well known, long before the incorporation.

This question was submitted without argument, by *Sheppard* for the demandant, and *Allen* for the tenant;—the latter only referring to *Howe v. Bass* 2 *Mass.* 380. *Pernam v. Wead* 6 *Mass.* 131. *Aiken v. Sanford* 6 *Mass.* 494.

MELLEN C. J. delivered the opinion of the Court as follows.

It appears that long before the town of *Dresden* was incorporated, *Dr. Gardiner's* farm or tract of land had been run out and located; but the division line between *Alna* and *Dresden* had never been agreed upon; but, on the contrary, the towns have been constantly disputing respecting its true position. By the terms of the act incorporating *Dresden*, it seems very clear that the legislature intended that the *Gardiner* farm or land should all be included in that town;—and it seems also from the language of the act that they must have supposed and believed that a line running north-north-east from the bridge to the north line of the town would include it. It now appears, however, that it will not; but that such a line leaves the demanded premises in *Alna*. What then is the construction to be given to the grant to *Dr. Gardiner* ? The first directory is the manifest intention of the legislature, that the *Gardiner farm* should be included in *Dresden*. The second is that rule of construction which requires that what is *more* certain should prevail over that which is *less* certain, where there is any disagreement between different descriptive expressions employed in a deed;—or, to use more simple language,— that where the *length* or *course* of a descriptive line will not agree with a known and fixed monument which is named in the deed, then the inaccuracy of the line must give way to the certainty and truth of the monument. This is a perfectly familiar principle of construction, applicable in all cases, excepting, perhaps, those wherein the disagreement or contradiction is unusual and extravagant. It is needless to cite authorities in support of this position. We do not see why this rule of construction is not applicable in the case before us. *Both parts* of the descriptive character of the line from the bridge to the north line of the town

cannot be true, because they are at variance.    The given course
of the line does not include the whole of the *Gardiner* farm or
land, but only a part of it.    In the present case the *Gardiner* farm
or land is a known and immoveable monument.    And as the course
of the line varies from this monument, it must, so far as it varies
from it, give place to the monument; in the same manner as
though the line from the bridge had been stated to run a course
north-north-east by the margin of a certain river, to the north line
of the town.    In such a case, if there be a variance either way,
the course of the line must give place to the course of the river,
as the more certain description;—but there could be no mistake
as to the margin of the river.    In the case at bar, instead of the
words " including the whole farm," &c. we must read—" or so
as to include the whole farm," &c.    There is no other mode of
effectuating the intentions of the legislature, and of preserving a
consistent course of construction.    It is our opinion that the action
cannot be maintained.    The plaintiff must be called, according to
the agreement of the parties.